01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL B. FJERSTAD,            )   Case No. C08-113-RAJ-JPD
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )   REPORT AND RECOMMENDATION
SCOTT BACH, et al.,             )
                                )
            Defendants.         )
_____)

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Michael B. Fjerstad is currently confined at the Federal Detention Center in SeaTac, Washington. Appearing *pro se*, he recently filed an application to proceed *in forma pauperis* ("IFP") together with a proposed civil rights complaint against the City of Seattle, King County, and Seattle Police Detective Scott Bach. Dkt. No. 1-1. Plaintiff's complaint alleges that these defendants unlawfully used a confidential informant, equipped with a "wire," to record plaintiff's statements, in violation of the Fourth Amendment and state and federal law. Dkt. No. 1-1 at 1-3. These actions led to the filing of federal charges against the plaintiff. *See United States v. Fjerstad*, Case No. CR07-277-RSM, Dkt. No. 1. He is currently being detained pending trial. *Id.* Dkt. Nos. 29, 35. After careful consideration of the plaintiff's proposed complaint, the governing law and the balance of the record, the Court recommends that plaintiff's case be DISMISSED without prejudice.

REPORT AND RECOMMENDATION
PAGE – 1

## II.  GOVERNING LAW

Although plaintiff does not expressly pray for release,[1] it is clear that he is challenging the *validity*, not the conditions, of his current confinement.  As such, plaintiff's complaint is barred by United States Supreme Court precedent.  *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus").

When a state prisoner brings a § 1983 action for damages or injunctive relief, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement.  *Id.* at 487-90.  "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already been invalidated, expunged, or otherwise impugned.  *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

Importantly, "*Heck* applies to pending criminal charges," *Harvey v. Waldron*, 210 F.3d 1008, 1014-15 (9th Cir. 2000), and to claims brought by federal prisoners.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  As a result, *Heck* applies to suits filed by federal pretrial detainees.  *Cf. Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001).

## III.  DISCUSSION

In the instant case, plaintiff continues to be in custody, and it is apparent that he has not succeeded in satisfying *Heck*'s requirement of invalidating his confinement.  Indeed, that appears to be precisely the relief he seeks here.  Plaintiff's action, if successful, would necessarily imply the invalidity of the charges filed against him.  The Ninth Circuit, however, has held that an "action alleging illegal search and seizure of evidence upon which criminal

---

[1] Plaintiff's proposed complaint seeks money damages in excess of four million dollars for, among other things, the loss of his liberty and property.  Dkt. No. 1-1 at 4.

REPORT AND RECOMMENDATION
PAGE – 2

charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey*, 210 F.3d at 1014. For that reason, plaintiff's proper remedy lies in a habeas corpus petition (or its equivalent), not a § 1983 complaint. *See Butterfield*, 120 F.3d at 1024. To date, plaintiff has presented no evidence of his successful pursuit of a habeas writ. Before plaintiff proceeds with the current civil rights complaint, he must first challenge his allegedly illegal confinement in an action under 28 U.S.C. § 2255 (if he has since been convicted) or 28 U.S.C. § 2241 (if still a pretrial detainee), after exhausting his collateral remedies.

## IV.   CONCLUSION

For the foregoing reasons, the present § 1983 complaint may not proceed, and the Court recommends that it be DISMISSED without prejudice.[2] Consequently, plaintiff's IFP application is DENIED as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of January, 2008.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

---

[2] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT AND RECOMMENDATION
PAGE – 3